*Knight v. City of New York*

# United States Court of Appeals
## For the Second Circuit

August Term 2025

Argued:   December 8, 2025
Decided:   January 13, 2026

No. 24-977

CAVALIER D. KNIGHT, Managing Member of Cavalier
Knight LLC,

*Plaintiff-Appellant,*

*v.*

CITY OF NEW YORK, JESSICA TISCH, as the Statutory
Handgun Licensing Officer and the Police
Commissioner of New York City, and her successors in
office,

*Defendants-Appellees.*\*

Appeal from the United States District Court
for the Southern District of New York
No. 22-cv-3215, Valerie E. Caproni, *Judge.*

Before:   CHIN, SULLIVAN, and KAHN, *Circuit Judges.*

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Cavalier D. Knight, a would-be gun dealer residing in New York City, appeals from an order of the district court dismissing for lack of Article III standing his challenges to two New York City regulations governing the purchase and sale of firearms.  The first regulation prohibits purchasers from buying more than one gun every ninety days.  *See* N.Y.C. Admin. Code § 10-302.1(b) ("No person shall acquire a firearm if such person has acquired a firearm within the previous ninety days.").  The second requires applicants for firearms dealer licenses to "maintain a place of business in the city," *id.* § 10-302(c)(1), which effectively requires the applicant to maintain a brick-and-mortar location, *see* 38 R.C.N.Y. § 4-03(k), (t)(1), (t)(3)–(5).  Knight alleges that both regulations violate the Second Amendment as well as various other federal and state constitutional and statutory provisions.

The magistrate judge to whom the case had been referred, the Honorable Valerie Figueredo, recommended that the district court dismiss Knight's complaint either for lack of Article III standing or, in the alternative, for failure to state a claim.  The district court adopted the magistrate judge's recommendation regarding standing and thus declined to reach the magistrate judge's recommendation concerning whether Knight had alleged sufficient facts to state a claim.  For the following reasons, we affirm the district court's dismissal of Knight's challenges to the ninety-day rule, vacate its dismissal of his challenges to the place-of-business requirement, and remand for the district court to consider in the first instance the merits of his challenges to the latter provision.

AFFIRMED IN PART AND VACATED IN PART.

CAVALIER D. KNIGHT, *pro se*, New York, NY.

CHASE HENRY MECHANICK (Devin Slack, Martin K. Rowe III, *on the brief*), *for* Muriel Goode-Trufant, Acting Corporation Counsel, New York City Law Department, New York, NY, *for Defendants-Appellees*.

PER CURIAM:

Cavalier D. Knight, a would-be gun dealer residing in New York City, appeals from an order of the district court dismissing for lack of Article III standing his challenges to two New York City regulations governing the purchase and sale of firearms. The first regulation prohibits purchasers from buying more than one gun every ninety days. *See* N.Y.C. Admin. Code § 10-302.1(b) ("No person shall acquire a firearm if such person has acquired a firearm within the previous ninety days."). The second requires applicants for firearms dealer licenses to "maintain a place of business in the city," *id.* § 10-302(c)(1), which effectively requires the applicant to maintain a brick-and-mortar location, *see* 38 R.C.N.Y. § 4-03(k), (t)(1), (t)(3)–(5). Knight alleges that both regulations violate the Second Amendment as well as various other federal and state constitutional and statutory provisions.

The magistrate judge to whom the case had been referred, the Honorable Valerie Figueredo, recommended that the district court dismiss Knight's complaint either for lack of Article III standing or, in the alternative, for failure to state a claim. The district court adopted the magistrate judge's recommendation regarding standing and thus declined to reach the magistrate judge's recommendation concerning whether Knight had alleged sufficient facts to state a

3

claim. For the following reasons, we affirm the district court's dismissal of Knight's challenges to the ninety-day rule, vacate its dismissal of his challenges to the place-of-business requirement, and remand for the district court to consider in the first instance the merits of his challenges to the latter provision.

## I. Standard of Review

We review *de novo* a district court's dismissal of a complaint for lack of Article III standing. *Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024). At the pleading stage, the plaintiff must "allege[] facts that affirmatively and plausibly suggest that [he] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation marks omitted). In determining whether a plaintiff has carried that burden, we assume that all well-pleaded factual allegations in the operative complaint are true and draw all reasonable inferences in the plaintiff's favor. *Id.* Where, as here, a non-lawyer plaintiff chooses to represent himself, "his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

In reviewing the magistrate judge's recommendation to dismiss Knight's complaint for lack of standing, the district court determined that the clear-error

4

standard applied and that, in the alternative, Knight's objections thereto failed under *de novo* review. As we recently explained, a district court may review a report and recommendation for clear error when a party's "objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) (internal quotation marks omitted). But "[w]here a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Id.* (internal quotation marks omitted).

With respect to Knight's challenges to the ninety-day requirement, the district court accurately observed that Knight's objections were "unrelated to Judge Figueredo's conclusions" or were otherwise "perfunctory, conclusory, and not substantive." Sp. App'x at 18. Thus, the district court correctly reviewed that portion of the report and recommendation for clear error.

The same cannot be said of Knight's challenges to the place-of-business requirement. In objecting to the magistrate judge's recommendation, Knight argued that his inability to obtain a dealer license exposed him to a "risk [of]

5

criminal prosecution" if he started his business; he also argued that the magistrate judge had "misunderst[ood]" the nature of his injury, which he claimed was redressable through an order granting his "requested relief" – namely, an injunction requiring Defendants to grant him a state dealer license. Dist. Ct. Doc. No. 93 at 27, 34. Although somewhat cryptically presented, these objections were enough to warrant *de novo* review of the portion of the report recommending dismissal of Knight's challenges to the place-of-business requirement, especially given the liberal standard under which his submissions must be read. *See Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024).

## II.    Discussion

To satisfy Article III's standing requirement, "a plaintiff must demonstrate: (1) injury-in-fact, which means 'an actual or imminent' and 'concrete and particularized' harm to a 'legally protected interest'; (2) causation of the injury, which means that the injury is 'fairly traceable' to the challenged action of the defendant; and (3) redressability, which means that it is 'likely,' not speculative, that a favorable decision by a court will redress the injury." *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 103 (2d Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). For an injury in fact to be concrete

and particularized, it must "actually exist" and "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016) (internal quotation marks omitted). "Because 'standing is not dispensed in gross,' a plaintiff 'must demonstrate standing for *each* claim that he presses and for *each* form of relief that he seeks (for example, injunctive relief and damages).'" *Doe v. Hochul*, 139 F.4th 165, 185 (2d Cir. 2025) (alterations adopted) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

The district court correctly held that Knight failed to allege an Article III injury attributable to the ninety-day rule. Knight does not allege that he personally wishes to buy more than one gun every ninety days. Instead, he appears to claim that the ninety-day rule injures him economically by decreasing the rate at which potential customers could lawfully purchase firearms from him. But Knight does not allege that he actually has (or imminently will have) a single New York City customer whose efforts to purchase firearms from him are stymied by the ninety-day rule. Accordingly, Knight's complaint does not plausibly show that the ninety-day rule affects him in a "personal and individual way." *Spokeo*, 578 U.S. at 339 (internal quotation marks omitted). The district court therefore correctly dismissed Knight's challenges to the ninety-day rule for lack of standing.

We reach a different conclusion, however, with respect to the district court's dismissal of Knight's challenges to the place-of-business requirement. As alleged, the City informed Knight that without a brick-and-mortar location, he would be ineligible for a dealer license. The district court, however, held that this aspect of Knight's claim is not redressable because even with a dealer license, unchallenged New York City zoning provisions would prohibit Knight's contemplated business. As the magistrate judge observed, Knight plans to handle the administrative aspects of his business from his Manhattan apartment while storing his inventory at an off-site location. But under the City's zoning laws, a residence may not be used to sell products manufactured elsewhere than in the home and offsite storage of inventory is prohibited. *See* N.Y.C. Zoning Resolution §§ 12-10, 22-10. According to the district court and magistrate judge, any prospective relief with respect to the place-of-business requirement would therefore make no material difference to Knight's ability to run his business. We disagree, and conclude that the district court's understanding of Knight's alleged injuries, and thus of its ability to provide effective relief, was too narrow.

It is well-established that a credible threat of criminal prosecution can give rise to a discrete, redressable injury under Article III. *See Susan B. Anthony List v.*

8

*Driehaus*, 573 U.S. 149, 158–59 (2014). To demonstrate such an injury, the plaintiff must "allege[] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and [that] there exists a credible threat of prosecution thereunder." *Id.* at 159 (internal quotation marks omitted); *see Vitagliano v. County of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023).

Here, Knight alleges just such an injury. He plans to run a commercial gun dealing business in New York and has taken several concrete steps toward that goal, including obtaining a federal firearms license and consulting with federal and local agencies regarding his contemplated business. Because the commercial availability of firearms is often "necessary to a citizen's effective exercise of Second Amendment rights," *Gazzola v. Hochul*, 88 F.4th 186, 196 (2d Cir. 2023), Knight's proposed course of conduct is at least arguably affected with a constitutional interest. But without the dealer license Knight seeks – which he cannot obtain by virtue of the challenged place-of-business requirement – such conduct is specifically prohibited by state law. *See* N.Y. Penal Law § 400.00(1-a), (16). Knight therefore has plausibly alleged that if he starts running his business without a dealer license, he will face a credible threat of criminal prosecution. *See Vitagliano*, 71 F.4th at 138 (explaining that a credible threat of prosecution may be

presumed "where a statute specifically proscribes conduct" in which the plaintiff intends to engage (alteration adopted and internal quotation marks omitted)). Indeed, Knight alleges that a City law-enforcement official *personally* threatened him with criminal prosecution for unlicensed gun dealing.

Because Knight's vulnerability to criminal prosecution for running an unlicensed gun business gives rise to a cognizable Article III injury, we next consider whether that injury is plausibly redressable through his challenges to the place-of-business requirement.   It is.

Redressability depends on the substance of the plaintiff's claims and the breadth of relief sought in his complaint.   *See Gutierrez v. Saenz*, 606 U.S. 305, 316–19 (2025).   Here, Knight alleges that the lack of a dealer license will expose him to a risk of criminal prosecution if he starts up his contemplated gun business and that the reason why he cannot obtain a dealer license is Defendants' enforcement of the place-of-business requirement.   Knight's requested injunction requiring Defendants to grant him a dealer license (or simply requiring them to evaluate his license application without requiring a brick-and-mortar location) is therefore likely to relieve him of the threat of felony prosecution for running an unlicensed gun dealership.   *See* N.Y. Penal Law § 265.20(10) (generally exempting licensed

dealers from New York's criminal laws against the commercial sale and possession of firearms); *id.* § 400.00(1-a) (authorizing licensed dealers to engage in the commercial sale of firearms). Eliminating that significant threat of criminal prosecution would provide Knight with a sufficiently meaningful benefit to satisfy Article III's redressability prong. *See Vitagliano*, 71 F.4th at 140.

The possibility that Knight could still be subject to enforcement proceedings under the City's zoning laws does not defeat redressability. To satisfy Article III, a plaintiff must show that his requested relief would provide meaningful redress for *an* injury, not that it would relieve him of *every* injury. *Am. Cruise Lines v. United States*, 96 F.4th 283, 286 (2d Cir. 2024) (citing *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982)). And even when a plaintiff's requested relief "cannot provide full redress" with respect to an injury, a federal court's "ability to effectuate a partial remedy satisfies the redressability requirement." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) (internal quotation marks omitted); *see Elias Bochner, 287 7th Ave. Realty LLC v. City of New York*, 118 F.4th 505, 521 (2d Cir. 2024) ("[T]he law of standing does not require that the relief sought by a plaintiff completely redress the asserted injury."). We therefore agree with the well-reasoned view of the Seventh and Eighth Circuits that a district court's ability to

reduce the plaintiff's aggregate criminal exposure can satisfy redressability. *See Reps. Comm. for Freedom of the Press v. Rokita*, 147 F.4th 720, 729 (7th Cir. 2025) ("[R]emoving an additional layer of criminal liability [is] a form of redress sufficient to confer standing, even though the underlying behavior [is] still subject to prosecution."); *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1078 (8th Cir. 2024) (similar).

Here, with a dealer license in hand, Knight could not be criminally prosecuted for unlicensed commercial gun dealing. Thus, his risk of prosecution "would be reduced to some extent," even if not eliminated entirely, if he had a dealer license. *Massachusetts v. Env't Prot. Agency*, 549 U.S. 497, 526 (2007). And in the event that the City *were* to target Knight for separate violations of its zoning laws, the range of possible penalties would likely be lower than the penalties he would face for being an unlicensed gun dealer. *Compare, e.g.*, N.Y. Penal Law § 265.13(2) (class B felony to sell a total of three or more firearms in any one-year period), *with* N.Y.C. Admin. Code § 28-203.1 (misdemeanor offense to commit an "immediately hazardous" zoning violation; even lower penalties for "major violation[s]" and "lesser violation[s]"). We also observe that Knight has consistently taken the position in this litigation that the City's zoning laws would

*not* bar his contemplated gun business. Knight may be wrong about that, but it is the lack of a dealer license – and the attendant threat of criminal prosecution for running an unlicensed gun dealership – that matters for purposes of the redressability of his asserted injury, not a local zoning restriction.[1]

Accordingly, Knight has plausibly alleged that his asserted injury – a risk of criminal prosecution for running an unlicensed gun business – is redressable through his challenges to the place-of-business requirement. And for that reason, Knight has also satisfied Article III's traceability requirement. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) ("The second and third standing requirements—causation and redressability—are often flip sides of the same coin." (internal quotation marks omitted)).

## III. CONCLUSION

For these reasons, we agree with the district court that Knight lacks Article III standing to challenge the ninety-day rule but conclude that he has sufficiently

---

[1] Defendants suggest in passing that section 400.00(1-a) and (8) of the Penal Law would independently prevent them from granting Knight a dealer license. *See* N.Y. Penal Law § 400.00(1-a) (requiring applicants to "maintain a place of business in the city or county where the license is issued"); *id.* § 400.00(8) (providing that "[a] license as gunsmith or dealer in firearms shall be prominently displayed on the licensed premises"). But the Penal Law does not, by its terms, exclude residences from the definition of a place of business. And in any event, Knight's complaint seeks relief from "*all* . . . laws, regulations, policies, practices and customs" related to the place-of-business requirement. Dist. Ct. Doc. No. 62 ¶ 184 (emphasis added); *see Schoenthal v. Raoul*, 150 F.4th 889, 905–06 (7th Cir. 2025) (crediting similar allegations).

alleged standing to challenge the place-of-business requirement. We therefore affirm the district court's dismissal of Knight's challenges to the ninety-day rule, vacate the district court's dismissal of his challenges to the place-of-business requirement, and remand this case for further proceedings.